## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| M.K., *a Minor, by His Parents*, O.K., and M.K., *Individually, Complainants*, | Civil Action No. |
| | 19-9506 (LDW) |
| Plaintiffs, | |
| | **OPINION AND ORDER** |
| v. | |
| STATE OF NEW JERSEY, DEPARTMENT OF EDUCATION, MONTCLAIR, NEW JERSEY SCHOOL DISTRICT, MONTCLAIR, NEW JERSEY BOARD OF EDUCATION, SUPERINTENDENT OF MONTCLAIR SCHOOL DISTRICT, ONIKA BURROWES and DOES 1-100, | |
| Defendants. | |

**LEDA DUNN WETTRE, United States Magistrate Judge**

This matter comes before the Court based on plaintiffs' failure to respond to the Court's April 2, 2020 Order to Show Cause why this action should not be dismissed for failure to prosecute. (ECF No. 23). The parties have consented to Magistrate Judge jurisdiction. (ECF No. 18). For the reasons set forth herein, this case is **DISMISSED WITHOUT PREJUDICE**.

### BACKGROUND

Plaintiff M.K., a minor, and his parents bring this action under 42 U.S.C. § 1983 for alleged violations of M.K.'s constitutional rights and state law while he was a student in the Montclair School District. (ECF No. 1). In April 2019, shortly after defendants removed the action to this Court, the parties informed the Court that a settlement in principle had been reached between plaintiffs and defendants Montclair Board of Education and Onika Burrowes. (ECF No. 5). The

claims against defendant State of New Jersey were disposed of separately; the Court granted its motion to dismiss, which plaintiffs had not opposed.  (ECF  No. 10).

In November 2019, the Montclair defendants and plaintiffs requested that the Court conduct a reasonableness or "friendly" hearing to approve the settlement agreement, which was necessary because M.K. is a minor.  (ECF No. 11).  *See R*. 4:44-3 (instructing that settlement of minor's claim requires court to "determine whether the settlement is fair and reasonable as to its amount and terms"); *see also Impink v. Reynes*, 396 N.J. Super. 553 (App. Div. 2007) (same).  Courts assess at such a hearing "whether the proffered settlement is commensurate with the settling defendant's liability and, if so, whether it adequately compensates the [minor] for his past, present and future losses attributable to that defendant."  *Riemer v. St. Clare's Riverside Med. Ctr*., 300 N.J. Super. 101, 111 (App. Div. 1997).  If the Court is not satisfied that the settlement terms are fair and reasonable to the minor, it may reject the settlement or propose revisions that would address its concerns.  *Impink*, 396 N.J. Super. at 562.

In reviewing the parties' proposed settlement prior to the friendly hearing then scheduled for January 10, 2020, the Court noted that the proposed terms raised several issues as to the fairness of the settlement to the minor.  These included, *inter alia*, that the settlement agreement proposed that the settlement payment go entirely to M.K.'s parents, rather than providing for the funds to be placed in trust for M.K.  Accordingly, the Court converted the January 10, 2020 hearing to a conference with counsel, at which the Court explained its concerns with the settlement as proposed and plaintiffs' counsel agreed to revise the settlement terms to address these concerns.

As detailed in the Order to Show Cause dated April 2, 2020, plaintiffs' counsel never submitted revised settlement papers and has failed to appear for the multiple telephone conferences the Court has scheduled to inquire as to the status of the settlement.  (ECF No. 23).  Nor did he

respond in any fashion to the April 2, 2020 Order To Show Cause.  The Court has received no communication from plaintiffs' counsel since the January 10, 2020 telephonic conference.

## ANALYSIS

The Federal Rules of Civil Procedure authorize the Court to impose sanctions, including dismissal, if a party "fails to failure to appear at a scheduling or pretrial conference," "fails to obey a scheduling or other pretrial order," or fails to prosecute a case.  Fed. R. Civ. P. 16(f)(1)(A), 16(f)(1)(C); *see also* Fed. R. Civ. P. 37(b)(2), 41(b).

In *Poulis v. State Farm Fire and Casualty Company*, the Third Circuit identified six factors that courts should balance when deciding whether to sanction a party by curtailing the right to proceed with or defend against a claim.  747 F.2d 863, 868 (3d Cir. 1984).  The *Poulis* factors are:

> (1) [t]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (emphasis omitted); *see also Hogan v. Raymond Corp.*, 536 F. App'x 207, 212 & n.5 (3d Cir. 2013) (per curiam); *Knoll v. City of Allentown*, 707 F.3d 406, 409 n.2 (3d Cir. 2013).  No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met.  *See Hogan*, 536 F. App'x at 212; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "If a Court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b)."  *C-Pod Inmates of Middlesex Cty. Adult Corr. Ctr. v. Middlesex Cty.*, Civ. A. No. 15-7920, 2018 WL 4006809, at *4 (D.N.J. July 31, 2018) (citing *Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007)).

Given plaintiffs' counsel's failure to communicate with the Court at all since January 10, 2020, and given his failure to submit revised settlement papers addressing the fairness of the

settlement to M.K., the Court is unable to approve the settlement or to otherwise move this case forward.  The Court's Order that plaintiffs show cause by April 30, 2020 why this action should not be dismissed for failure to prosecute was met with similar silence.  It appears that plaintiffs have elected to abandon finalizing the settlement through a friendly hearing; further entreating plaintiffs to communicate with the Court in order to consummate settlement appears futile. Dismissal with prejudice of this action, however, seems unduly unfair to the minor plaintiff, whose claims would be lost irretrievably due to the inaction of the adults charged with safeguarding his rights.  Therefore, balancing the *Poulis* factors, the Court determines that the proper resolution is to dismiss this action without prejudice for failure to prosecute and comply with the Court's orders.

## CONCLUSION

For the reasons stated above, it is hereby ordered that this case is **DISMISSED WITHOUT PREJUDICE.  This matter shall be marked closed.**

Dated: May 8, 2020

                    *s/ Leda Dunn Wettre*
                    Hon. Leda Dunn Wettre
                    United States Magistrate Judge

4